Case No. 1:26-cv-00236-PAB Document 8 filed 02/03/26 USDC Colorado pg 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03097-PAB

FELIX ACIEL BENITEZ-FAJARDO,

Petitioner,

v.

FACILITY ADMINISTRATOR, Denver Contract Detention Facility, and
FIELD OFFICE DIRECTOR, ICE Enforcement and Removal Operations (ERO), Denver Field Office,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Felix Aciel Benitez-Fajardo's *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 4] and motion for expedited consideration of the amended application [Docket No. 5]. Respondents filed a response to the amended application. Docket No. 14.

## I. Background

The petitioner is confined at an immigration detention facility in Aurora, Colorado. He first entered the United States in 2022, and the Department of Homeland Security initiated removal proceedings against him on April 5, 2025. Docket No. 1 at 16. Petitioner is not subject to a final order of removal. Docket No. 4 at 3.

The petitioner contends that his detention while the Department of Homeland Security ("DHS") appeals an immigration judge's October 14, 2025 decision that he qualifies for lawful permanent resident status violates the Fifth Amendment to the United States Constitution and has caused him "mental and emotional harm." Docket No. 4 at 3 - 4. As relief, he seeks immediate release from detention under reasonable conditions of supervision or, alternatively, a bond hearing at which the government bears the burden of justifying his continued detention. *Id.* at 6.

The respondents do not address the merits of the petitioner's claims in their response. Instead, the respondents state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

Docket No. 14 at 1-2.

## II. ANALYSIS

Because the petitioner had been in the United States for a few years at the time he was detained, his detention in the absence of a final order of removal is governed by 8 U.S.C. § 1226. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. June 30, 2026). Section 1226 does not mandate detention but provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal

proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a bond hearing. *Id.* at 1237 & 1251 n.13. Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id.* at 1251 n.13.

Because there is no evidence that the petitioner has been provided a bond hearing, his current detention violates § 1226(a). Thus, the Court will grant the application in part and order the respondents to provide the petitioner a bond hearing within seven days of the date of this order or else release him. While the petitioner requests that the Court order his immediate release, the Tenth Circuit instructs that the correct remedy is to order the respondents to provide a prompt bond hearing or else release him.

Further, because the Court is granting petitioner relief based on § 1226(a), it will not consider his due process claim at this time. The Court also will not consider petitioner's claim relating to his mental health because "federal claims challenging the conditions of . . . confinement generally do not arise under § 2241." *Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000).

## III. CONCLUSION

Therefore, it is

**ORDERED** that the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 4] is **GRANTED in part**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order or else release him. It is further

**ORDERED** that within **five days** of petitioner's bond hearing or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released. It is further

**ORDERED** that the motion for expedited consideration of the amended application [Docket No. 5] is **DENIED as moot.**

DATED August 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge